Exhibit A

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| KEAIRA BLOUNT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ULTA SALON, COSMETICS & ) | |
| FRAGRANCE, INC. ) | |
| ) | |
| <u>SERVE AT</u>: ) | Case No.: _____ |
| CSC-Lawyers Incorporating Service Co. ) | |
| 221 Bolivar ) | |
| Jefferson City, MO 65101 ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

**Action Code TJ**

### PETITION FOR RACE DISCRIMINATION & HARASSMENT IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT & TITLE VII

**COMES NOW** Plaintiff Keaira Blount ("Plaintiff" or "Ms. Blount") and for her Petition against Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta"), states as follows:

### THE PARTIES

1. Keaira Blount resides at 2284 NE Town Centre Blvd, #703, Lee's Summit, MO 64064.

2. Ms. Blount is a former employee of Ulta Salon, Cosmetics & Fragrance, Inc., who was terminated after she was singled out for discipline and harassed by supervisors.

3. Alternatively, Ms. Blount was constructively discharged when she was forced to resign and Defendant Ulta Salon, Cosmetics & Fragrance, Inc. denied her claims of racial discrimination and harassment.

4. Ms. Blount is African American.

1

Electronically Filed - Jackson - Kansas City - September 24, 2016 - 05:24 PM

5. Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") is a for-profit corporation registered to conduct business in the State of Missouri.

6. Ulta has six or more employees and is an employer within the meaning of the Missouri Human Rights Act ("MHRA").

## JURISDICTION AND VENUE

7. Plaintiff brought this action against Defendant pursuant to the Missouri Human Rights Act (MHRA) because Defendant discriminated against and harassed her based on her race, African American.

8. Plaintiff brought this action against Defendant pursuant to Title VII of the Civil Rights Act, as amended, because Defendant discriminated against and harassed her based on her race, African American.

9. Jurisdiction and venue are proper in Jackson County, Missouri pursuant to Mo.Rev.Stat. § 213.111.1 because the unlawful discriminatory practices occurred there.

10. On or about August 3, 2015, Ms. Blount filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") based on her claims of race discrimination and harassment (including a hostile work environment).

11. The matter was assigned MCHR Charge No. FE-8/15-23645 and EEOC Charge No. 846-2015-32549. (A copy of the MCHR Charge is attached as **Exhibit A**).

12. On or about July 8, 2016, the MCHR issued Ms. Blount a Right to Sue letter ("RTS"). (A copy of the RTS is attached as **Exhibit B**).

13. On or about June 28, 2016, the EEOC issued Ms. Blount a Right to Sue letter. (A copy of the EEOC's RTS is attached as **Exhibit C.**).

14. Plaintiff has exhausted her administrative remedies against Defendant regarding her claims of race discrimination and harassment (including a hostile work environment).

**GENERAL ALLEGATIONS**

15. On or about May 8, 2015, Ms. Blount began working at Ulta as a Designer I or Hair Stylist, in Kansas City, Missouri.

16. After Ms. Blount began working for Defendant Ulta, several of Defendant's managers were hostile to Ms. Blount.

17. Ms. Blount became aware of some of Defendant Ulta's managers using racial slurs in reference to Ms. Blount over Defendant Ulta's microphone headset system.

18. Ms. Blount became aware that some of Defendant Ulta's managers used the term "black nigger bitches" over Defendant Ulta's microphone headset system.

19. Competent witness testimony will show that Defendant Ulta's store manager Kristen Lehman said "nigger" over Defendant Ulta's microphone headset system in reference to Ms. Blount.

20. Defendant Ulta's store managers Kristen Lehman and Britney Glass called Ms. Blount a "black bitch."

21. Defendant Ulta's store managers Kristen Lehman and Britney Glass discussed and told Ms. Blount that her body is fake.

22. Defendant Ulta's store managers changed or shifted their policy regarding Ms. Blount's work schedule

23. Defendant Ulta's store managers change or shifted Ms. Blount's work schedule without Ms. Blount having been made aware of her new start times.

24. Ms. Blount has sickle cell disease.

25. Ms. Blount was not provided with opportunities to use the back break room when she needed to rest or take a break due to her sickle cell disease.

26. Ms. Blount was told by her coworkers that Defendant Ulta's managers were singling her out for mistreatment.

27. Defendant Ulta's managers were singling Ms. Blount out for mistreatment.

28. Defendant's store managers Britney Glass and Kristen Lehman assumed a store patron accused of stealing was a relative of Ms. Blount.

29. When an African American store patron was accused of stealing, it was common that Defendant Ulta's store management assumed such patrons were related to Ms. Blount.

30. It is a racist stereotype to assume that all black people are related.

31. It is a racist stereotype to assume that black store patrons are stealing.

32. Ms. Blount's supervisors and Defendant Ulta's store managers were rude, impatient, and impolite to Ms. Blount.

33. Ms. Blount's supervisors and Defendant Ulta's store managers were rude, impatient, and impolite to Ms. Blount but treated similarly situated Caucasian employees respectfully.

34. Defendant Ulta's store managers accused Ms. Blount of being tardy but did not threaten discipline against similarly situated Caucasian employees who were tardy.

35. On or about June 13, 2015, upon seeing two or three African American children in Defendant Ulta's store, Defendant Ulta's managers accused the African American children of stealing from Defendant Ulta's store.

36. Defendant Ulta's managers claimed the African American children accused of stealing were Ms. Blount's children.

4

37. The African American children accused of stealing were not, in fact, Ms. Blount's children.

38. On or about June 25, 2015, Defendant Ulta's manager Kristen Lehman claimed the African American children that she accused of stealing were Ms. Blount's sons.

39. On or about June 25, 2015, Ms. Blount complained to Defendant Ulta's supervisor Britany Vogel and Defendant Ulta's store manager Shelly Smith that the African American children accused of stealing were not her children.

40. Defendant Ulta's supervisor Britany Vogel refused to provide Ms. Blount with Defendant Ulta's phone number for Human Resources upon Ms. Blount's request.

41. On or about June 26, 2015, Defendant Ulta's store manager Shelly Smith had Ms. Blount searched for stealing as she was forced to exit the store.

42. On or about June 26, 2015, Ms. Blount complained to Defendant Ulta's Human Resources department of racial discrimination, harassment, and a hostile work environment.

43. Ms. Blount was forced to leave her employment at Defendant Ulta's store due to the severe and pervasive conditions imposed on her by her manager.

44. After Ms. Blount complained to Defendant Ulta's Human Resources department of racial discrimination, harassment, and a hostile work environment, Ms. Blount was officially terminated.

45. Two or three African American children were not found to have stolen anything from Defendant Ulta during Ms. Blount's employment.

46. Ms. Blount's sons were not found to have stolen anything from Defendant Ulta during Ms. Blount's employment.

47. Ms. Blount was not counseled about Defendant Ulta's attendance policy due to chronic tardiness.

48. Defendant Ulta's similarly situated Caucasian employees were provided with opportunities, privileges, and leniency that were denied to Ms. Blount.

49. Since filing a charge of discrimination, Defendant Ulta falsely accused Ms. Blount of waiting in Defendant Ulta's parking lot for prolonged periods of time.

50. Defendant Ulta has again assumed that another, separate African American woman was Ms. Blount.

51. Defendant Ulta did not issue written discipline to Ms. Blount.

52. Ms. Blount was falsely accused of stealing and Defendant Ulta's Loss Prevention reviewed video footage determining that Ms. Blount did not, in fact, steal from Defendant Ulta.

53. Defendant Ulta's repeated and pervasive false accusations that African American patrons were stealing and were related in some way related to Ms. Blount by the nature of her being African American made Ms. Blount feel unwelcome as an employee of Defendant Ulta.

## **COUNT I – RACE DISCRIMINATION AND HARASSMENT (INCLUDING A HOSTILE WORK ENVIRONMENT) IN VIOLATION OF THE MHRA AND TITLE VII**

54. Ms. Blount reasserts and re-alleges the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

55. The acts described above constitute race discrimination and harassment (including a hostile work environment) in violation of the MHRA.

56. The acts described above constitute race discrimination and harassment (including a hostile work environment) in violation of Title VII of the Civil Rights Act of 1964, as amended.

Electronically Filed - Jackson - Kansas City - September 24, 2016 - 05:24 PM

57. Ms. Blount is a member of a protected class by reason of her race, which is African American.

58. Ms. Blount was subjected to race discrimination and harassment (including a hostile work environment) by Defendant in the following ways, including, but not limited to: Ms. Blount was belittled and subjected to racist comments by Defendant Ulta's supervisors such as "nigger," "nigger bitch," "black bitch," "black nigger bitch," "your body is fake," by management falsely accusing Ms. Blount of stealing, by management falsely accusing Ms. Blount's children of stealing, by assuming African American children in Defendant's store were Ms. Blount's children, by assuming African American store patrons accused of stealing were related to Ms. Blount, by providing similarly situated Caucasian employees with opportunities, privileges, and leniency that were denied to Ms. Blount, by unevenly enforcing and irrationally changing Defendant Ulta's purported tardiness policy and Ms. Blount's schedule making it impossible for Ms. Blount to comply, and by enforcing Defendant Ulta's purported policies differently against similarly situated Caucasian employees and Ms. Blount.

59. The conduct Ms. Blount complains of was severe and pervasive and affected the terms, conditions, and privileges of her employment. In fact, the harassment was so severe that Ms. Blount was forced to leave Defendant Ulta's store and was officially terminated after complaining of race discrimination and harassment to Defendant Ulta's Human Resources.

60. Ms. Blount was subjected to numerous adverse employment actions including, but not limited to, being subjected to racial slurs, being called a nigger," a "black nigger bitch," a "black bitch," and being falsely accused of stealing, having her children being falsely accused of stealing, being falsely accused of being related to African American store patrons accused of stealing, receiving spiteful comments about her body image,

being subjected to uneven, disparate application of policies and procedures, and severe on-the-job harassment resulting in a forced, constructive discharge and eventual termination after reports of discrimination and harassment.

61. Ms. Blount's race was a contributing factor in the adverse actions taken against her.

62. Ms. Blount's race was a motivating factor in the adverse actions taken against her.

63. The conduct cited above was adverse and damaging and caused Ms. Blount great emotional upset and stress which impacted her daily life.

64. Defendant's act of discriminating against Ms. Blount based on her race constitutes malice or a reckless indifference to Ms. Blount's protected rights.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants on Count I of her Petition, for a finding that she has been subjected to unlawful age discrimination and harassment (including a hostile work environment) prohibited by the MHRA and Title VII of the Civil Rights Act of 1964, as amended; for an award of back pay and other benefits, including interest; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby requests a trial by jury on all issues triable by jury.

Respectfully submitted,

**JAMES & NOLAND, LLC**

*/s/ B. Noland*

_____

Brian T. Noland
MO Bar # 67127
214 W 21st St
Kansas City, MO 64108
(816)472-6800 Phone
(816)817-8828 Fax
brian@jamesandnoland.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Kansas City - September 24, 2016 - 05:24 PM

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| ULTA BEAUTY<br>8600 Ward Parkway<br>Kansas City, MO 64114 | **PERSON FILING CHARGE**<br><br>**Keaira M. Blount**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>**EEOC CHARGE NO.**<br>**846-2015-32549** |

### NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)     [ ] The Equal Pay Act (EPA)     [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)     [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **21-SEP-15** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **21-SEP-15** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **21-SEP-15** to **Toria Mroz, Mediator, at (913) 551-5697**

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Natascha Deguire,
Area Office Director
EEOC Representative

Telephone (913) 551-5842

**Kansas City Area Office**
**Gateway Tower II**
**400 State Avenue**
**Kansas City, KS 66101**
**Fax: (913) 551-6956**

Enclosure(s): [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] Race   [ ] Color   [ ] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [ ] Disability   [ ] Retaliation   [ ] Genetic Information   [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| August 21, 2015 | Natascha Deguire,<br>Area Office Director | |

**EXHIBIT A**

*Enclosure with EEOC*
*Form 131 (11/09)*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 846-2015-32549 |

Missouri Commission On Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Keaira M. Blount | (213) 820-4303 | |

Street Address: 2284 N E Town Centre Blvd, #703, Lees Summit, MO 64064

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ULTA BEAUTY | 15 - 100 | (816) 237-1391 |

Street Address: 8600 Ward Parkway, Kansas City, MO 64114

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-08-2015   Latest: 06-26-2015
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by Respondent and started work on or about 5/8/15 as a Hair Stylist.

II. During my employment, I was subjected to racial harassment including but not limited to racial comments about me, my children were suspected of theft, which is a racial stereotype, and I was suspected of making threats, which is a racial stereotype.

III. I was discharged.

IV. I believe that this was discrimination against me because of my race, black, in violation of Title VII of the Civil Rights Act, as amended.

RECEIVED EEOC KANSAS CITY AREA OFFICE 2015 AUG 12 AM 10:08

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 8/3/2015
Charging Party Signature: Keaira Blount

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

T.W.

Electronically Filed - Jackson - Kansas City - September 24, 2016 - 05:24 PM

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATION**
**MISSOURI COMMISSION ON HUMAN RIGHTS**

| JEREMIAH W. (JAY) NIXON | RYAN MCKENNA | SARA NELL LAMPE | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

FE-8/15-23645
Administrative Use/Records

Keaira M. Blount
2284 NE Town Centre Blvd, #703
Lee's Summit, MO 64064

RE: Blount vs. Ulta Beauty
FE-8/15-23645    846-2015-32549

This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act.

Pursuant to the Missouri Human Rights Act (MHRA), your complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). The MCHR has been informed that the EEOC has completed its processing of your complaint and issued a notice of your right to sue. Based on a review of EEOC's investigation summary, the MCHR has decided to adopt the EEOC's findings, terminate its proceedings in this case and issue this notice of your right to sue on your claims under the MHRA.

You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the MCHR shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice under this section relating to the same practice or act. As noted above, any action brought in court under this section must be filed within 90 days from the date of this letter and, in addition, any such case must be filed **no later than two years after the alleged cause occurred** or your reasonable discovery of the alleged cause. **IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE, YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue. This notice of right to sue has no effect on the suit-filing period of any federal claims.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

Respectfully,

*[signature]*

Alisa Warren, Ph.D.
Executive Director

July 8, 2016
Date

Ulta Beauty
8600 Ward Parkway
Kansas City, MO 64114

| ☒ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|
| 3315 W. TRUMAN BLVD. P.O. BOX 1129 JEFFERSON CITY, MO 65102-1129 PHONE: 573-751-3325 FAX: 573-751-2905 | 111 N. 7TH STREET, SUITE 903 ST. LOUIS, MO 63101-2100 PHONE: 314-340-7590 FAX: 314-340-7238 | P.O. BOX 1300 OZARK, MO 65721-1300 FAX: 417-485-6024 | 1410 GENESSEE, SUITE 260 KANSAS CITY, MO 64102 FAX: 816-889-3582 | 106 ARTHUR STREET SUITE D SIKESTON, MO 63801-5454 FAX: 573-472-53?? |

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

EXHIBIT B

Enclosures(s)

cc: Shannon Henderson
LITTLER MENDELSON, P.C.
2301 McGee ST, 8th FL
Kansas City, MO 64108

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Keaira M. Blount
2284 N E Town Centre Blvd, #703
Lees Summit, MO 64064

From: Kansas City Area Office
Gateway Tower II
400 State Avenue, Suite 905
Kansas City, KS 66101

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2015-32549 | Teresa K. Wilke, Investigator | (913) 551-6645 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Natascha Deguire,
Area Office Director

6/28/16 (Date Mailed)

Enclosures(s)

cc:

ULTA BEAUTY
8600 Ward Parkway
Kansas City, MO 64114

**EXHIBIT C**



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>W BRENT POWELL | Case Number: 1616-CV23193 |
|---|---|
| Plaintiff/Petitioner:<br>KEAIRA BLOUNT<br>vs. | Plaintiff's/Petitioner's Attorney/Address |
| Defendant/Respondent:<br>ULTA SALON, COSMETICS & FRAGRANCE, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ULTA SALON, COSMETICS & FRAGRANCE, INC.
**Alias:**
CSC-LAWYERS INC SERVICE CO
221 BOLIVAR
JEFFERSON CITY, MO  65101

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12-OCT-2016
Date                                                   Clerk

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).
My commission expires: _____          _____
                                      Date                                  Notary Public

**Sheriff's Fees**
Summons                                   $_____
Non Est                                      $_____
Sheriff's Deputy Salary
Supplemental Surcharge       $____10.00____
Mileage                                     $_____ (_____ miles @ $._____ per mile)
**Total**                                      $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 16-SMCC-9992**     1 of 1           Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:16-cv-01204-BP   Document 1-2   Filed 11/11/16   Page 18 of 19

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

                                                        Circuit Court of Jackson County